UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEONG JAE HAN,<br><br>    Plaintiff<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:15-cv-00783 (GJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Seong Jae Han appeals from the Commissioner's finding that Han was not entitled to disability benefits. The Court assumes the parties' familiarity with the procedural history and administrative record. Han presents two claims of error: that the administrative law judge (ALJ) improperly assigned less than great weight to the opinion of Dr. Man Chul Cho, and that the ALJ made an improper credibility determination about Han. For the reasons that follow, the Court reverses the Commissioner's determination and remands this case for further proceedings.

## GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence;

1  and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r*,
2  533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th
3  Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind
4  might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S.
5  389, 401 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at
6  1074.

## DISCUSSION

To reject the uncontradicted opinion of a treating physician, an ALJ must provide clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Even where a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may not reject the opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 830-31; *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Garrison*, 759 F.3d at 1012 (quoting *Orn*, 495 F.3d at 633). Here, Dr. Cho's opinion is contradicted by that of a State agency review psychologist, so the lower "specific and legitimate" reasons standard applies.

The ALJ assigned Dr. Cho's opinion that Han was "totally disabled as a result of his mental health impairments" "little weight" for three reasons: (1) "the claimant did not receive any mental health treatment until April of 2013, which suggests that [his] symptoms were not especially troublesome"; (2) "the claimant did not demonstrate or manifest any difficulty concentrating during the hearing"; and (3) "whether the claimant is 'disabled' is a determination reserved to the Commissioner." [Admin. Rec. ("AR") 41.] Notably, the ALJ did not opine that Dr. Cho's opinion was inconsistent with objective medical evidence. The Court finds

none of the ALJ's reasons to be specific, legitimate, and supported by the substantial evidence.

The first reason is factually unsupported, as reflected in the ALJ's own opinion. As the ALJ explained, "the record reveals that [Han] has felt depressed since his motor vehicle accident in March of 2012," after which "[h]e was prescribed Paxil by his treating physician, which helped control his depression." [AR 39.] In August of 2012, Han underwent a psychiatric evaluation that Dr. Adeyemo performed, which "revealed the claimant was depressed and tearful at times." [*Id.*] At that evaluation, Han maintained poor eye contact, slow and monotonous speech, and delayed memory recall. [*Id.*] As a result, "Dr. Adeyemo diagnosed the claimant with adjustment disorder with mixed anxiety and depressed mood," and gave Han a Global Assessment of Functioning (GAF) score of 57, which reflects moderate symptoms. [*Id.*] Dr. Han's evaluation produced largely similar results, albeit with a lower GAF score of 40. [*See* AR 40.] At the hearing, Han's attorney proffered that Han sought psychiatric help because "[h]e was referred by the worker's [compensation] lawyers." [AR 53.]

The ALJ's own description reflects some level of psychological treatment: Paxil and a psychiatric evaluation. Accordingly, the ALJ's determination that Han delayed treatment is not factually supported. But even if the ALJ's conclusion that Han did not treat his mental condition until a year after his accident were accurate, the "delay" still would not constitute a specific and legitimate reason for rejecting **Dr. Cho's** testimony. The ALJ does not explain how the allegedly yearlong delay in treatment would affect Dr. Cho's (as opposed to claimant's) credibility or conclusions, which were based on his own medical assessment. "[T]he fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a physician's] assessment of claimant's condition is inaccurate." *Van Nguyen v. Chater,* 100 F.3d 1462, 1465 (9th Cir. 1996) (modification in original) (quoted in

3

*De Guzman v. Astrue*, 343 Fed. App'x 201, 208 (9th Cir. 2009) (unpublished)); *see Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("[I]n assessing **a claimant's** credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment" (emphasis added)); *see also Garrison*, 759 F.3d at 1018 n.24 (quoting *Van Nguyen,* 100 F.3d at 1465) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.").[1]

Second, the ALJ's determination that "the claimant did not demonstrate or manifest any difficulty concentrating during the hearing" is the quintessential prohibited "sit-and-squirm" jurisprudence that the Ninth Circuit has condemned. *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985). The ALJ's unwarranted conclusion is quite clearly reflected in his extended discussion of Han's concentration:

> The claimant alleged that he has difficulty concentrating. Although mental status examinations revealed some problems with maintaining concentration, the undersigned notes that [t]he claimant did not demonstrate or manifest any difficulty concentrating during the hearing. During the time when the claimant was being questioned, the claimant appeared to process the

---

[1] Even under the rule that applies to determine claimant's credibility (which, it bears emphasis, is not at issue here), the ALJ did not sufficiently explain the relevance of the purported delay. "[I]n assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Molina*, 674 F.3d at 1113 (quotation marks omitted). Here, the "failure to seek treatment" came with an explanation—the claimant's lawyer identified his continued mental impairment and told him to go. Accordingly, for the ALJ to rely on the delay, he had to determine that Han's explanation was indeed inadequate. Soc. Sec. R. ("SSR") 96-7 ("the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment"). The ALJ made no such determination.

> questions without difficulty, and to respond to the questions appropriately and without delay. The claimant paid attention throughout the hearing. Accordingly, the undersigned finds that the claimant's deficits in maintaining concentration are not as severe as alleged.

[AR 37.] By relying on personal observations, the ALJ improperly substituted his own conclusions for those made by treating medical professionals. This too was error.

Finally, the ALJ's explanation that the finding of "disabled" is reserved to the Commissioner is not an independent reason to reject Dr. Cho's opinion. It is true that the regulations do not require the ALJ to accept a physician's conclusion that a particular claimant is disabled. *See* 20 C.F.R. § 416.927(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). Nonetheless, at least in the Ninth Circuit, "reasons [required] for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *see also* SSR 96-5p (explaining that opinions on disability "must not be disregarded"). Accordingly, "[a] treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record." *Id.* Therefore, although the ALJ is not bound by Dr. Cho's opinion on disability, he still must put forth a separate specific and legitimate reason to reject it.

\* \* \* \*

Although the Court remands based on the ALJ's faulty analysis of the weight to be given to Dr. Cho's opinion, the Court also notes that the ALJ should consider the errors Han raised in his brief regarding the analysis of his credibility, especially as some of the ALJ's supporting rationales duplicate those the Court deems improper above. The Court has not reached any other issue Han raises except as to determine

1  that reversal with a directive for the immediate payment of benefits would not be
2  appropriate at this time.

## CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS HEREBY ORDERED.**

DATED: February 17, 2016   _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE